UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| DANIEL JAMES TAYLOR, | ) | | |
| | ) | | |
| Plaintiff, | ) | No. | 1:15-cv-261-HSM-SKL |
| | ) | | |
| v. | ) | | |
| | ) | | |
| HAMILTON COUNTY JAIL, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION

The Court is in receipt of a pro se prisoner's civil rights complaint [Doc. 1] and an application to proceed *in forma pauperis* [Doc. 2]. Daniel James Taylor ("Plaintiff"), an inmate confined in Hamilton County Jail in Chattanooga, Tennessee, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 against Hamilton County Jail.

Plaintiff's application to proceed without prepayment of fees [Doc. 2] is **GRANTED**. Nonetheless, because Plaintiff is a prisoner, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account

for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350 has been paid to the Clerk's Office. *McGore,* 114 F.3d at 607.

Payments should be sent to: Clerk, USDC; 900 Georgia Avenue, Room 309; Chattanooga, TN 37402. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum opinion to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## I. Screening the Complaint

The Court must now review the complaint to determine whether it states a claim entitling Plaintiff to relief, or is frivolous or malicious, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If the complaint meets any of these criteria, this suit must be dismissed. In performing this task, the Court bears in mind the rule that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the complaint must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

The Court examines the complaint in light of those requirements.

## II. Plaintiff's Complaint

Plaintiff complains that for the past seven months he has been served cold food every day [Doc. 1 p.1]. Because of the cold food, Plaintiff alleges that he has heart burn [*Id*.]. Plaintiff states that he is a diabetic, "and because of that, [he has] been served cold food trays while the other inmates are served hot food trays" [*Id*. at 2]. Plaintiff represents that he wrote "a few grievances" about being served cold food and was told that there "was not enough room in the warming oven to put his food tray in it" [*Id*].

Additionally, Plaintiff complains that he does not believe his meals meet the nationally recommended dietary allowances for the basic nutrition [*Id*.].

## III. Discussion

At the outset, Hamilton County Jail, the only named defendant, is a building and not a suable entity under § 1983. See *Monell v. Department of Social Services*, 436 U.S. 658, 688-90 & n.55 (1978) (for purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate"); *Mabry v. Correctional Medical Services*, 2000 WL 1720959, *2 (6th Cir. Nov. 6, 2000) ("[T]he Shelby County Jail is not an entity subject to suit under § 1983." (citing *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991)); *Cage v. Kent County Corr. Facility*, 1997 WL 225647, *1 (6th Cir. May 1, 1997) ("The district court also properly found that the jail facility named as a defendant was not an entity subject to suit under § 1983.") Thus, any allegations asserted against the Hamilton County Jail fail to state a claim for relief.

However, even if the Court allowed suit to be filed against Defendant, the Court finds as follows.

In general, complaints about the preparation or quality of prison food are "far removed from Eighth Amendment concerns." *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir.

3

1977). Moreover, "cold food apparently is an ordinary incident in prison life." *Thaddeus- X v. Blatter*, 175 F.3d 378, 404 (6th Cir. 1999) (collecting cases) (Surheinrich, J., in dissent). Consequently, a prisoner's claim that he was served cold meals does not rise to the level of a constitutional deprivation. See *Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008); *Strauss v. Ray*, No. 99-5370, 2000 WL 875690, at *2 (6th Cir. Jun. 19, 2000) (citing *Hamm v. DeKalb Cnty*, 774 F.2d 1567, 1575 (11th Cir. 1985)); see also *Dean v. Campbell*, No. 97-5955, 1998 WL 466137, at *2 (6th Cir. July 30, 1998) (per curiam) (holding that allegation of cold meals "fail[ed] to allege facts showing that [prisoner] was subjected to the type of extreme deprivations which are necessary for an Eighth Amendment conditions of confinement claim"); *Brown-El v. Delo*, 969 F.2d 644, 648 (8th Cir. 1992) (holding that prisoner's claim that he was denied his Eighth Amendment rights when he was served cold food was frivolous).

In accordance with these previous findings, this Court finds that Plaintiff's allegations concerning cold prison food wholly fails to state an Eighth Amendment violation.

Furthermore, the Eighth Amendment requires prisoners to be served sufficient food to maintain normal health. *Cunningham v. Jones*, 567 F.2d 653, 660 (6th Cir. 1977). Plaintiff fails to state any supporting facts for his allegation that he "[does] not believe [his] meals meet the nationally recommended dietary allowances for the basic nutrition" [Doc. 1 p. 2]. Plaintiff does not allege that he lost weight or suffered any negative health effects from his diet. Even losing a small amount of weight while being held in jail does not evidence a constitutional violation. See *Mummery v. Montgomery Cnty. Jail*, No. 3:12-cv-115 (M.D. Tenn. Nov. 30, 2012). Absent such contentions, there is nothing factual from which the Court can reasonably infer that the food served falls below the constitutional nutritional standard. While a plaintiff may wish the prison

menu had more variety, prison food is not required to be tasty or widely varied. See *Jones*, 567 F.2d 659-60.

Therefore, the Court finds that Plaintiff's allegation concerning insufficient nutrition in his daily meals fails to state a claim upon which relief may be granted.

## IV. Conclusion

Based on the above discussion, this case will be **DISMISSED** sua sponte in its entirety under 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Additionally, the Court has carefully reviewed this case pursuant to 28 U.S.C. § 1915(a)(3) and hereby **CERTIFIES** that any appeal from this decision would not be taken in good faith. *See* Fed. R. App. P. 24(a).

**AN APPROPRIATE ORDER WILL ENTER**.

ENTER:

*/s/ Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE